UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GLEN SLAWSON**                                                        **CIVIL ACTION**

**VERSUS**                                                              **NO. 24-2403**

**ALLEN PARISH SHERIFF'S DEPARTMENT**                                   **SECTION: "P"(5)**

### REPORT AND RECOMMENDATION

In early October 2024, Glen Slawson filed this *pro se* civil complaint pursuant to 42 U.S.C. § 1983. His complaint indicated that he was incarcerated at the Allen Parish Jail in Oberlin, Louisiana. He alleged that he was arrested in March 2024, by the Oakdale Police Department, and placed in the Allen Parish Sheriff's Department, where he was denied medical care for a tumor growing in the middle of his forehead. He requests monetary compensation and release from prison. (ECF No. 1, Deficient Complaint).

Upon filing, the Clerk's Office notified Slawson that his complaint was deficient because it was not submitted on the proper form and he had not paid the required filing fee or submitted an application to proceed *in forma pauperis*. The record indicates that the Clerk mailed this notice, along with the proper forms, to Slawson at the address he provided on his complaint and gave him 21 days to comply. (ECF No. 2). He failed to respond to that deficiency notice.

The authority of a federal court to dismiss a plaintiff's action because of failure to prosecute is clear. The Federal Rules of Civil Procedure specifically provide that a court

may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* when necessary to achieve the orderly and expeditious disposition of cases. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962); *McCullough*, 835 F.2d at 1127; *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Grandpre v. Normand*, Civ. Action No. 16-1541, 2018 WL 691650 (E.D. La. Feb. 2, 2018) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Although Slawson's mail was not returned as undeliverable, a recent search of Louisiana's Vinelink inmate database[1] revealed that, as of October 15, 2024, Slawson was released from custody. Slawson himself has not provided any updated information.

Furthermore, the complaint was filed in an improper venue.[2] 28 U.S.C. § 1391(b).

---

[1] https://doc.louisiana.gov/imprisoned-person-programs-resources/offender-information/

[2] Section 1391(b) provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

At the time of filing, Slawson was incarcerated in Allen Parish which is located within the geographical boundaries of the United States District Court for the Western District of Louisiana. The events or omissions about which he complains did not occur within the Eastern District of Louisiana. A claim asserted in a court of improper venue may either be dismissed or, in the interest of justice, transferred to a court of proper venue. 28 U.S.C. § 1406(a). Because Slawson has not notified the court of his whereabouts, corrected the deficiencies surrounding his complaint, or submitted either the required filing fee or a completed pauper application in an attempt to move his case forward, the Court finds dismissal at this juncture, rather than transfer, appropriate.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and otherwise being filed in an improper venue.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79

F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)).[3]

New Orleans, Louisiana, this  13th  day of  November , 2024

                                        **MICHAEL B. NORTH**
                               **UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.